





FILED

JN

RECEIVED

CM

2/8/2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1/31/2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JORGE ALEJANDRO ROJAS,

*Plaintiff,*

vs.

RELIABLE LEGAL MARKETING CONSULTING, LLC. d/b/a LEAD TO THE TOP, AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, BRYAN F. AYLSTOCK, JUSTIN G. WITKIN, DOUGLASS A. KREIS, NEIL D. OVERHOLTZ, AND MICHAEL SCHNEIDER.,

*Defendants*.

Case No. **1:22-CV-00588**

**RANDOM**

**COMPLAINT FOR DAMAGES**

JUDGE KOCORAS
MAGISTRATE JUDGE CUMMINGS

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and related Illinois state laws, against Defendants Reliable Legal Marketing Consulting, LLC., doing business as Lead to the Top ("RLMC") and Aylstock, Witkin, Kreis & Overholtz, PLLC, ("AWKO"), Bryan F. Aylstock ("Aylstock"), Justin G. Witkin ("Witkin"), Douglass A. Kreis ("Kreis"), Neil D. Overholtz ("Overholtz"), and Michael Schneider ("Schneider"), ("Defendants") and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress

have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act ("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls in an effort to solicit business, specifically, for law firms pursuing claims regarding medical issues and sexual abuse.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants as it regularly and systemically conducts business nationwide. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resides in this District and was present in the District when the wrongful calls were received.

6. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

9.      Defendant Reliable Legal Marketing Consulting, LLC., doing business as "Lead to the Top" ("RMLC") is a Florida LLC entity, with a principal entity address of 515 East Las Olas Blvd Suite 120, Fort Lauderdale, FL 33301, and a registered agent of Michael Schneider, located at the same address.

10.     Defendant Aylstock, Witkin, Kreis & Overholtz, P.L.C., ("AWKO") is a Florida LLC entity, with a principal entity address of 17 East Main Street Suite 200, Pensacola, FL 32502, and a registered agent of Justin G. Witkin located at the same address.

11.     Defendant Bryan F. Aylstock ("Aylstock") is a Member of Defendant AWKO and has the same address as AWKO.

12.     Defendant Justin G. Witkin ("Witkin") is a Member of Defendant AWKO and has an address of 17 East Main Street Suite 200, Pensacola, FL 32502.

13.     Defendant Douglass A. Kreis ("Kreis") is a Member of Defendant AWKO and has the same address as AWKO.

14.     Defendant Neil D. Overholtz ("Overholtz") is a Member of Defendant AWKO and has the same address as AWKO.

15.     Defendant Michael Schneider ("Schneider") is an Authorized Member of Defendant RMLC and has an address of 515 East Las Olas Blvd Suite 120 Fort Lauderdale, FL 33301.

16.     Defendants Aylstock, Witkin, Kreis, Overholtz, and Schneider, are referred to as "Individual Defendants."

17.     Individual Defendants owned, operated, and were officers, employees, and agents of their respective companies. At all material times referenced herein, Individual Defendants participated in the conduct that was directed at Plaintiff, who resides in this District. The acts and

omissions performed by Individual Defendants giving rise to liability in this matter occurred or were performed in this District.

18. Defendants are persons as defined by 47 U.S.C. § 153(39).

19. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**STATUTORY BACKGROUND**

20. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

21. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

22. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of

purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

23. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

24. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

25. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

**<u>FACTUAL ALLEGATIONS</u>**

26. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

27. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

28. Plaintiff is the account holder and customary user of his phone number.

29. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

30. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

31. Defendant RLMC provides leads for Defendant AWKO.

32. Defendant RLMC calls on behalf of Defendant AWKO for the purpose of seeking out clients to bring claims for medical malpractice, medication claims, and sexual assault victim claims.

33. Defendant AWKO's website advertises its services of being in litigation against defective drugs, defective medical devices, product liability, consumer fraud, personal injury, and sexual abuse.

34. Defendant AWKO's website has a section dedicated to Zantac claims. *See* https://awkolaw.com/top-cases-zantac-contamination-lawsuit/.

35. Defendant AWKO's website states it is "[a] local firm with national reach," and "[w]ith 20 attorneys and over 200 staff, the national law firm of Aylstock, Witkin, Kreis & Overholtz is committed to protecting the rights of consumers who are seriously injured by defective products, drugs and medical devices."

36. Defendant RLMC has been sued previously for alleged violations of the TCPA. *See Perrong v. Charles Baratta LLC, et. al*, 2:2021cv00996, E.D.N.Y, *Cunningham v. Yuspeh Rappaport Law LLC et al*, 1:2021cv00030, N.D. Oh.

37. Defendants RLMC and AWKO are liable for calls made by each other through direct and vicarious liability.

38.     Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

39.     The Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

40.     To the extent Defendant AWKO outsourced its illegal robocalling to RLMC, AWKO is still liable for calls that violate the TCPA.

41.     To the extent Defendant RLMC further outsourced its illegal robocalling, RLMC and the other entity are still liable for calls that violate the TCPA.

42.     On May 9, 2013, the FCC determined that this was not a basis for avoiding liability within a Declaratory Ruling that held that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*In re Joint Petition Filed by DISH Network*, 28 FCC Rcd. 6574, 6588 (¶ 37) (2013) ("May 2013 FCC Ruling") (internal citations omitted).

43.     Moreover, the May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. *Id*. At 6587 n. 107.

44.     The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. At 6593.

45.     The May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. *Id*. at 6586 (¶ 34).

46.     The May 2013 FCC Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.* at 6587 n.107.

47.     The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

48.     Defendant AWKO hired, permitted, and enjoyed the benefits of the mass robocalling campaigns performed by RLMC and any other vendors RLMC contracted with.

49.     Defendants acted as principals and agents for each other.

50. Defendant AWKO is not permitted under the law to outsource and contract their way out of liability by directing and benefitting from the unlawful calls.

51. The May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships … through discovery, if they are not independently privy to such information." *Id*. at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593 (¶ 46).

52. For the counts identified in this Complaint, one or more Defendants are directly liable as the party that caused the unlawful calls to be placed. One or more Defendants are vicariously liable for being connected or transferred to Plaintiff to solicit their services.

53. For the counts identified in this Complaint, Defendants are vicariously liable for the unlawful calls, as they contracted with each other in order to take a commission from the leads and any legal services rendered, and benefited from the unlawful calls, and directed the violative conduct.

54. Plaintiff has done no business with Defendants and has never provided Defendants with prior express written consent to call his cellular telephone number that is registered on the National Do-Not-Call Registry.

55. Defendants, individually and together, directly placed the calls at issue in this Complaint; or in the alternative, Defendants' callers (whether employees of Defendants or agents) had each Defendants' express or implied actual authority to place the unwanted, automated lead generation calls at issue. Defendants, individually and together, contracted with or otherwise entered into agreements with callers to generate business and initiate the telemarketing phone calls

using tactics that violated the TCPA. Defendants, individually and together, know that these third parties they engaged conduct their telemarketing practices in violation of federal law, but Defendants, individually and together, continued the relationship with them and received the benefits therefrom.

56. To the extent the individuals or organizations that called Plaintiff, prior to connecting Plaintiff or providing the lead to Defendants, is not named in this action, Plaintiff alleges direct and vicarious liability against the Defendants' in this action.

57. **Call 1.** On or about January 17, 2022, at 4:08 PM Chicago time, Plaintiff received a telephone call from Defendants, from (385) 262-9164. **Exhibit 2.**

58. When Plaintiff picked up the phone, he heard a beep, followed by a pause, followed by being connected to a "Mike," speaking from a foreign call center, stating he was working for the "Medical Compensation Department." The questions included if Plaintiff had ever had cancer and/or a hernia.

59. "Mike" ultimately terminated the telephone call.

60. When Plaintiff attempted to call back the number on the caller ID, an operator states the number has not been allocated.

61. **Call 2.** On or about January 27, 2022, at 12:55 PM Plaintiff received a telephone call from Defendants, from (302) 206-0684. **Exhibit 3.**

62. When Plaintiff picked up the phone, he heard a beep, followed by a pause, followed by being connected to a "Andrew," speaking from a foreign call center, stating he was working for the "Medical Compensation Department." The questions included if Plaintiff had ever had cancer and/or used Zantac medication. The call was then connected to a "Mike."

63. Ultimately, "Mike" terminated the call.

64.     When Plaintiff attempted to call back the number on the caller ID, an operator states the number is not in service.

65.     **Call 3.** On or about January 28, 2022, at 10:29 AM, Chicago time, Plaintiff received a telephone call from Defendants, from (484) 802-5289. **Exhibit 4.**

66.     When Plaintiff picked up the phone, he heard a beep, followed by a pause, followed by being connected to a "Sam," speaking from a foreign call center, stating he was working for the "Sexual Abuse Compensation Department." The questions included if Plaintiff had ever been sexually abused as a child by a priest or school teacher. The call was then connected to a "Alan."

67.     Ultimately, "Alan" terminated the call.

68.     When Plaintiff attempted to call back the number on the caller ID, a voicemail for female named "Jamie" answers immediately.

69.     **Call 4.** On or about January 28, 2022, at 1:20 PM, Chicago time, Plaintiff received a telephone call from Defendants, from (833) 365-0314. **Exhibit 5.**

70.     During the call, "Donna" left a voicemail stating she was with the "Legal Help Center," pursuing cases on behalf of sexual assault victims. She provided a call back number of 516-471-0208.

71.     **Call 5**. On or about January 28, 2022, at 1:20 PM, Chicago time, Plaintiff received a text message from Defendants, from (833) 365-0314. The text message stated: "JorgeRojas Hi this is Donna with Legal Help Center. I am reaching out to you or someone you know in regards to a potential Clergy Sexually Abuse claim .All calls are confidential . I am here to help! If you are still interested in pursuing please call. Time could be running out. Thank you, Donna from Legal Help Center JorgeJorge1-833-355-0421 - Reply STOP to opt-out of future text communications." **Exhibit 6.**

72.     Texts are considered to be calls within the meaning of the TCPA.

73.     The area code 833 demonstrates that the calls and/or texts were made using an ATDS which Plaintiff has not provided consent to use, even assuming that Call 3 provided consent for future non ATDS calls.

74.     Plaintiff called Donna back, at the callback number, and was then e-mailed by Donna information concerning the entity she was calling on behalf of, and the law firm she stated that she was working with, Aylstock, Witkin, Kreis & Overholtz, PLLC. **Exhibit 7.**

75.     Plaintiff again spoke with Donna on January 31, 2022, where she provided a copy of a retainer agreement between AWKO and Plaintiff, which Plaintiff did not sign. **Exhibit 8.**

76.     The above calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, medical or sexual abuse compensation claims which would be pursued by a law firm. Defendant RLMC would generate the leads for Defendant AWKO, despite not having the requisite consent to contact Plaintiff.

77.     Defendants masked its telephone number to not reveal its true telephone number.

78.     The conduct alleged in this action was made willful and knowingly, for reason including that the caller did not identify himself by name or entity, in order to obfuscate who they were, and the use of Caller ID masking.

79.     Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

80.     All calls were similar in nature – soliciting the same kind of services – legal representation - and around a similar time period.

81.     Both Defendants liable for the calls made by its employees, contractors, agents, and affiliates.

82.     Plaintiff will identify any additional liable indispensable party in discovery. For example, Plaintiff alleges that there are additional law firms, other than AWKO, which have participated in the calls to Plaintiff.

83.     Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

84.     Plaintiff did not have a prior business relationship with Defendants.

85.     Defendants did not have any consent to call Plaintiff.

86.     Defendants are not an organization exempt from the TCPA.

87.     Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

88.     Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

89.     Upon information and belief, Plaintiff received additional calls from Defendants' and its affiliates not included above.

90.     Plaintiff alleges that Defendants trains its affiliates and employees to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

91.     The impersonal and generic nature of Defendants' calls demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

92.     In total, Defendants and/or its affiliates placed at least five (5) telephone solicitation calls to Plaintiff.

93.     As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

94. Defendants have a pattern and/or practice of failing to comply with the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.

95. The foregoing acts and omissions were in violation of the TCPA, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act.

96. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

97. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

98. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

99. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

100. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

101. Plaintiff is also entitled to an award of costs.

102. Defendants' calls were not made for "emergency purposes."

103. Defendants' calls to Plaintiff were made without any prior express written consent.

104. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

105. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

106. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

107. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

108. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1. Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)**

109. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

110. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least five (5) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

111. Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

112. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $7,500.00 plus costs and any other remedy deemed appropriate.

**COUNT 2. Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)**

113. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

114. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

115. Defendants called Plaintiff's telephone at least four (4) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

116. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants' by the telephone calls described above, in the amount of $500.00 for each of the five (5) telephone calls.

117. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 3. Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)**

118. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

119. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

120. Defendants violated this provision during the telephone call by not identifying itself adequately during the telephone call it made. Specifically, Defendants did not identify its organization when it left its voicemail, nor during the calls that Plaintiff picked up. Defendants did not identify their true organization names.

121. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for the four (4) telephone calls which Defendants did not identify itself properly in its voicemail, texts, or conversation with Plaintiff. Defendant properly identified itself only during the January 29, 2022 conversation with Donna.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $2,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 4. Violations of The Illinois Telephone Solicitations Act, 815 ILCS 413**

122. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

123. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID. 815 ILCS 413/15(c).

124. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.

125. Each call Defendants made impeded the function of caller ID by utilizing a fake or blocked phone number.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and or severally, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

**COUNT 5. Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305**

126. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

127. Defendants did not have the consent of Plaintiff to call him using a system capable of performing the functions of an autodialer.

128. Nonetheless, Defendants or one of its affiliates or vendors did.

129. The ATDA allows for the recovery of statutory damages of $500 per call.

130. Defendants violated the ATDA each time it spoofed its telephone number.

131. Caller ID violations of the ATDA allow recovery of $500 each.

132. Defendants violated the ATDA each time it called Plaintiff, five times.

133. Defendants also violated the ATDA spoofing the number three times, therefore the total violation count here is eight (8) counts.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and or severally, in an amount of $4,000.00 plus costs and any other remedy deemed appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $19,500.00 as permitted by statute, as follows:

A.  All actual damages Plaintiff suffered;

B.  Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C.  Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D.  Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c)(5)(B);

E.  Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F.  Statutory damages of $500.00 per call for each and every violation of 47 C.F.R. § 64.1200(d)(4);

G.  Triple actual damages under the Illinois Telephone Solicitations Act for impeding the function of caller identification;

H.  Statutory damages of $500 per call for violation of the Illinois Automatic Telephone Dialers Act;

I.  All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

J.  Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

K.  Leave to amend this Complaint to conform to the evidence presented at trial; and

L.  Any other relief this Court deems proper.

Respectfully submitted,

Dated: January 31, 2022

/s/ Jorge Alejandro Rojas
Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582
Rojas.jorge96@gmail.com
Plaintiff in Pro Se

# EXHIBIT 1

EXHIBIT 1



Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov> Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

**************************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2

18:30
LTE
Recents
+1 (385) 262-9164
Kaysville, UT
message
call
video
mail
pay
January 17, 2022
16:08 Canceled Call
16:06 Incoming Call
1 minute
Share Contact
Create New Contact
Add to Existing Contact
Add to Emergency Contacts
Share My Location
Block this Caller
147
Favorites
Recents
Contacts
Keypad
Voicemail

# EXHIBIT 3

# EXHIBIT 3

18:34
LTE
Recents
SL
Scam Likely
+1 (302) 206-0684
Camden, DE
message
call
video
mail
pay
Yesterday
12:55 Incoming Call
3 minutes
Share Contact
Create New Contact
Add to Existing Contact
Add to Emergency Contacts
Share My Location
Block this Caller
147
Favorites
Recents
Contacts
Keypad
Voicemail

# EXHIBIT 4

# EXHIBIT 4

18:38
LTE
Recents
SL
Scam Likely
+1 (484) 802-5289
Wayne, PA
message
call
video
mail
pay
Today
10:29 Incoming Call
8 minutes
Share Contact
Create New Contact
Add to Existing Contact
Add to Emergency Contacts
Share My Location
Block this Caller
147
Favorites
Recents
Contacts
Keypad
Voicemail

# EXHIBIT 5

EXHIBIT 5

09:28
Voicemail
+1 (833) 355-0314
message
call
video
mail
pay
January 28, 2022
13:20 Missed Call
Share Contact
Create New Contact
Add to Existing Contact
Add to Emergency Contacts
Share My Location
Block this Caller
147
Favorites
Recents
Contacts
Keypad
Voicemail

09:28

Greeting Edit

# Voicemail

**+1 (833) 355-0314**
unknown
January 28, 2022 at 13:20

0:00 −1:01

**Transcription**

"Yes hi this message is for George my name is Donna Ryan 830 if you sleep well hope center you had spoken with one of our associates earlier today and you're interested in participating in the 30 of these case if you qualified him I just want to let you know that all information will be kept confidential um in regards to this matter and only be shared between myself and the attorneys even when filing a case everything is filed anonymously as if you were James or John though um the time is definitely running out based on the statute of limitation in California in order to file your case so if you were still interested in moving forward please return my phone call at 516-471-0208 or you may also call me back at 1-833-355-0314 that's 1-833-355-0314 thank you so very much George and you have a wonderful day..."

Was this transcription useful or not useful?

# EXHIBIT 6

EXHIBIT 6

09:28

+1 (833) 355-0314

Text Message
Friday 13:20

JorgeRojas
Hi this is Donna with Legal Help Center. I am reaching out to you or someone you know in regards to a potential Clergy Sexually Abuse claim .All calls are confidential . I am here to help! If you are still interested in pursuing please call. Time could be running out.
Thank you,
Donna from Legal Help Center
JorgeJorge1-833-355-0421 - Reply STOP to opt-out of future text communications

Text Message

Pay














# EXHIBIT 7

EXHIBIT 7

 Gmail

**Jorge Rojas <rojas.jorge96@gmail.com>**

---

## Clergy Case

---

**Donna C** <donna@leadtothetop.com> Fri, Jan 28, 2022 at 3:03 PM
To: "rojas.jorge96@gmail.com" <rojas.jorge96@gmail.com>

Aylstock, Witkin, Kreis & Overholtz, PLLC
https://awkolaw.com/
850-202-1010

Donna -Director of Intake Department
Reliable Legal Marketing Consulting LLC
DBA-Lead To the Top
516 471 0208
donna@leadtothetop.com
www.leadtothetop.com

# EXHIBIT 8

EXHIBIT 8

 Jorge Rojas <rojas.jorge96@gmail.com>

## Please review and esign the document(s) AWKO Sex Abuse

**Legal Help Center via Foxit eSign** <notifications@esigngenie.com> Mon, Jan 31, 2022 at 8:44 AM
Reply-To: mike@leadtothetop.com
To: rojas.jorge96@gmail.com

Legal Help Center sent you a document to review and sign.

View Document

From: Legal Help Center (mike@leadtothetop.com)

Legal Help Legal Help Center has sent you a new Foxit eSign envelope "AWKO Sex Abuse".
Please click on the View Document(s) link below to review and esign the documents as required.

If you need assistance, please contact Legal Help Center (mike@leadtothetop.com)

---

**DO NOT SHARE THIS EMAIL:** This email contains a secure link to access this document(s) envelope in Foxit eSign. Please do not share this email or link with others.

To ensure that you continue receiving our emails,

please add notifications@esigngenie.com to your address book or safe list.

2021 © Foxit Software Incorporated. All rights reserved.